**BIER v. PENNSYLVANIA R. CO. et al.**

**Civ. A. No. 7155.**

United States District Court
W. D. Pennsylvania.

Sept. 21, 1950.

---

Robert B. Ivory, Evans, Ivory & Evans, Pittsburgh, Pa., for plaintiff.

Bruce R. Martin, Dalzell, McFall, Pringle & Bredin, Pittsburgh, Pa., for defendant Pennsylvania R. Co.

Hamilton A. Robinson, Dickie, Robinson & McCamey, Pittsburgh, Pa., for defendant Schmidt.

McVICAR, Chief Judge.

This is an action by August Bier, plaintiff, against Pennsylvania Railroad Company and John Schmidt to recover damages by reason of personal injuries received by the plaintiff in an accident May 7, 1946 which happened on a public road crossing the railroad of the defendant, Pennsylvania Railroad Company, being the result of a collision between an automobile owned and operated by the defendant, John Schmidt, and a motor car of the Pennsylvania Railroad Company on which the plaintiff was riding.

At the trial, the jury returned a verdict May 5, 1950 against both defendants in the amount of $40,000. The action is now before us on motions of both defendants for a new trial.

There is evidence that the plaintiff had been flagging the crossing on which the accident happened until a short time before the accident; that he was then directed by his foreman to return to the motor car. The motor car, at the foreman's directions, proceeded across the aforesaid crossing.

I am of the opinion that there is no merit in any of the reasons assigned by both defendants for a new trial, excepting the reason that the verdict is excessive. The plaintiff was 48 years of age at the time of the accident. He was 52 at the time of the trial. He had, previous to the accident, enjoyed good health. After the accident he was off work for 8 months. His pay before the accident and afterwards was approximately $150 per month. He had not received any pay during the 8 months that he was off work. He has worked for the defendant since then in the same position at a wage of not less than $150 per month. He had no medical expenses, the said expenses were paid by the Pennsylvania Railroad Company. No financial loss was shown up to the time of the trial, except during the eight months that he was off work. He received various injuries to his head, hearing, hips, legs, etc. but the same was not sufficient, up to the time of trial, to prevent the plaintiff from working. He has suffered and will suffer hereafter, pain, suffering and inconvenience. There was conflicting evidence as to the extent which these injuries would have on him in the future.

I am of the opinion that the verdict and judgment of $40,000 is excessive and that it should be reduced to $25,000.